**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

JOSEPH EBIN and YERUCHUM JENKINS, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

KANGADIS FAMILY MANAGEMENT LLC, ARISTIDIS KANGADIS a/k/a "MR. ARIS", ANDROMAHI KANGADIS a/k/a "MRS. MAHI", and THEMIS KANGADIS,

Defendants.

---------------------------------------------------------x

Civil Action 1:14-cv-1324 (JSR)

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT OF MOTION TO DISMISS THE SECOND COMPLAINT**

**KLESTADT & WINTERS, LLP**
Tracy L. Klestadt
John E. Jureller, Jr.
Lauren C. Kiss
570 Seventh Avenue, 17th Floor
New York, NY 10018
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ iii

PRELIMINARY STATEMENT ........................................ 1

A. The Law of the Case Doctrine Precludes Prosecution of the Second Complaint ........... 2

B. The Bankruptcy Court Clearly Held that the Veil-Piercing Claims Are Stayed ............ 4

C. Plaintiffs Cannot Maintain Direct Claims Against Mr. Aris and Themis ...................... 5

D. The Class Claim is Relevant to This Action ........................................ 10

CONCLUSION ........................................ 10

# TABLE OF AUTHORITIES

**Cases:**

*Allen v. V & A Bros., Inc.*,
208 N.J. 114 (2011) .......... 8

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......... 7

*Atateks Foreign Trade, Ltd. v. Private Label Sourcing* LLC,
No. 07 CV 6665, 2009 WL 1803458 (S.D.N.Y. June 23, 2009) .......... 4

*Bd. of Managers of Marke Gardens Condo. v. 240/242 Franklin Ave. LLC*,
No. 19155/2007, 2008 WL 4058677 (N.Y. Sup. Ct. Aug. 26, 2008), .......... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......... 7

*Deronette v. City of New York*,
05 CV 5275, 2007 WL 951925 (E.D.N.Y. Mar. 27, 2007) .......... 8

*Ebin v. Kangadis Food Inc.*,
297 F.R.D. 561 (S.D.N.Y. 2014) .......... 10

*EQT Production Co. v. Advair*,
No. 13-414 (4th Cir. Aug. 19, 2014) .......... 9

*FlagHouse, Inc. v. ProSource Dev. Inc.*,
528 Fed. Appx. 186 (3rd Cir. 2013) .......... 7

*In re Bridgestone/Firestone, Inc.*,
288 F.3d 1012 (7th Cir. 2002) .......... 10

*In re Pitts*,
Adv. No. 809-8230 (REG), 2009 WL 4807615 (Bankr. E.D.N.Y. Dec. 8, 2009) .......... 4, 5

*Levesque v. Kelly Commc'ns., Inc.*
No. 91 CIV. 7045, 1997 WL 284984 (S.D.N.Y. May 29, 1997) .......... .4

*Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*,
211 F.R.D. 228 (S.D.N.Y. 2002) .......... 10

*Marine Midland Band, N.A v. Miller*,
664 F.2d 899 (2d Cir. 1981) .......... 8

*People by Abrams v. 21st Century Leisure Spa Int'l Ltd., et al.*,
153 Misc. 2d 938 (Sup. Ct. 1991), ........ 8

*Pludeman v. N. Leasing Sys., Inc.*,
10 N.Y.3d 486 (2008) ........ 8

*Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc., et al.*,
945 F. Supp. 603 (S.D.N.Y. 1996) ........ 4

**Other Authorities:**

11 U.S.C. § 362(a) ........ 5

New York General Business Law (NY GBL) § 349 ........ 7, 9

Defendants Aristidis Kangadis ("Mr. Aris"), Andromahi Kangadis ("Mrs. Mahi"), Themis Kangadis ("Themis") and Kangadis Family Management LLC ("KFM" and together with Mr. Aris, Mrs. Mahi and Themis, the "Defendants"), respectfully submit this Memorandum of Law in reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss (the "Opposition") and in further support of the Defendants' Motion to Dismiss Plaintiffs' Second Complaint[1] with prejudice.

## PRELIMINARY STATEMENT

In the Opposition, Plaintiffs ask this Court to deny Defendants' Motion to Dismiss primarily relying upon this Court's prior rulings in the KFI Action. *See* Opposition at 1–2 ("[T]his Court already held that the [KFI] Complaint, which contained only a subset of the allegations in the [Second Complaint] here, was sufficient to state each of the same six causes of action against KFI."). However, the six causes of action are not the same - they are pled against different defendants under different legal theories, thereby requiring Plaintiffs to meet different pleading standards. Further, Plaintiffs, in conclusory fashion, generally state that the "allegations here are more than sufficient to state these claims against each of the [Defendants] on a veil-piercing/alter-ego theory, and additionally with respect to Aristidis and Themis Kangadis, on a theory of direct liability." *Id.* at 2. Specifically, with respect to the direct claims against Mr. Aris and Themis, the Opposition states that it relies on the "12 pages of detailed allegations of the personal conduct of Aristidis and Themis Kangadis." *Id.* at 9, fn. 3. The volume and number of pages is irrelevant; rather, it is the content that matters.[2] In fact, Plaintiffs simply rely upon conclusory allegations of the Second Complaint and then declare in the Opposition that they are

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Defendants' Memorandum of Law in Support of Motion to Dismiss the Second Complaint (the "Memorandum of Law"), dated August 12, 2014 [Docket Entry 31].

[2] There are absolutely no allegations against Mrs. Mahi or KFM at all in the Second Complaint.

sufficient. They are not. There is nothing alleged against Mr. Aris or Themis in their personal capacity to meet the standards for any of the causes of action.

As argued at length in the Defendants' Memorandum of Law, (i) the law of the case doctrine precludes the prosecution of the Second Complaint because this Court has already properly held that these claims against Defendants are derivative of claims being asserted against KFI and can only be asserted *if and after* Plaintiffs prevail, if at all, on the claims against KFI; (ii) the Bankruptcy Court clearly held that the alter ego and veil-piercing claims are stayed; (iii) the direct claims must be dismissed for failure to state a cause of action against Mr. Aris and Themis; and (iv) the proper forum for hearing and determining these claims should be in the Bankruptcy Court where Plaintiffs, by filing the Class Claim, made the affirmative decision to subject themselves to the Bankruptcy Court's equitable jurisdiction.

**A. The Law of the Case Doctrine Precludes Prosecution of the Second Complaint.**

Throughout the Opposition, Plaintiffs respond to Defendants' arguments by simply stating "[t]hat is wrong." However, it is quite clear that Defendants' arguments are actually correct. For example, as discussed in Defendants' Memorandum of Law the law of the case, namely the April 18, 2014 Order and affiliated November 4, 2013 Order, unequivocally bars the claims asserted in the Second Complaint until such time that Plaintiffs obtain, if any, a judgment against KFI. *See* Memorandum of Law at 9–12. In response, Plaintiffs argue that the law of the case argument is wrong because the Court modified its position based on the changed circumstances. *See* Opposition at 2. The circumstances, however, have not changed. Plaintiffs filed the Class Claim in the KFI Bankruptcy Case, which claim will be liquidated in the Bankruptcy Court and, if allowed, paid pursuant to the terms of a plan of reorganization as may be approved by the Bankruptcy Court. This is still a prerequisite to bringing veil piercing claims

against Defendants. As such, although the venue has changed, the reasoning behind this Court's prior decisions, namely the applicability of New York's veil piercing requirements, has not changed as a result of the KFI bankruptcy filing.

In addition, Plaintiffs provide incorrect and misleading statements relating to the June 30, 2014 and July 21, 2014 status conferences to try to support their failing arguments.[3] *See* Opposition at 2–3. At the June 30, 2014 status conference, the Court adjourned the briefing schedule in this action until July 21, 2014 in order for the Court to wait and see what the Bankruptcy Court decided at its July 16, 2014 hearing on certain motions relevant to this action. *See* 6/30/2014 Hearing Tr. at 19:14–25. The following dialogue took place at the July 21, 2014 status conference in relation to the timing of the filing of Defendants' Motion to Dismiss:

> Mr. Jureller: The reason I bring this up, again, the date August 5 as the bar date, what that does though, because last time we were here we discussed that the defendants intend to and had requested from your Honor a scheduling order for a motion to dismiss the complaint, you had indicated that that was available to us, we were to set the timing of the schedule today. The reason that I bring up this bar date is because the claims that are asserted in the motion may be different depending on whether or not the class - -
>
> The Court: You want a little more time to file that motion.
>
> Mr. Jureller: Because I think it clarifies the situation. If they don't file a claim, then we have a waiver and the alter ego has different arguments.
>
> The Court: I don't have any problem with that. Thank you for bringing that to my attention.

7/21/2014 Hearing Tr. at 6:3–18. Rather than rejecting Defendants' argument, as Plaintiffs' misrepresented, the Court acknowledged that whether or not the Plaintiffs filed a claim against KFI would have a direct impact on the instant case.

[3] Plaintiffs' have resorted to taking quotes from status conferences out of context to support their arguments. Not only do they have no evidentiary value, but they show how far Plaintiffs are willing to stretch the truth to make any argument whatsoever. Moreover, also notably, Plaintiffs mistakenly cite to the June 30, 2014 hearing transcript on page 3 of the Opposition; however, the citation is actually from the July 21, 2014 hearing transcript.

Moreover, the cases cited by Plaintiffs to support their proposition that the Defendants can be held independently liable for the wrongs committed under a veil piercing theory are readily distinguishable. In each of the cited cases, the corporation was a defendant because the company, as required under New York law, must be first held liable in order to find the officers and directors liable through a veil-piercing theory.[4]

Here, the veil-piercing theory of liability is solely based upon, and derivative of, the alleged liability in the KFI Action and Class Claim itself. Accordingly, if there is no liability against KFI, there can be no liability against Defendants through a veil-piercing theory.

**B. The Bankruptcy Court Clearly Held that the Veil-Piercing Claims Are Stayed.**

Again, the Plaintiffs have selected only certain portions of the Bankruptcy Court's Supplemental Findings from the July 16, 2014 hearing to include in its Opposition to purposely mislead the Court. While the Plaintiffs are correct that the Bankruptcy Court refused to extend the automatic stay to any "direct" claims against Mr. Aris and Themis, Plaintiffs' argument that the Bankruptcy Court did not stay the alter ego or veil-piercing claims is incorrect. Glaringly absent from the Opposition is any discussion of the *In re Pitts* decision, cited by the Bankruptcy Court in its Supplemental Findings from the July 16, 2014 hearing, which specifically precludes

[4] In *Atateks Foreign Trade, Ltd. v. Private Label Sourcing, LLC,* 07 CV 6665, 2009 WL 1803458, at *13, *17–*18 (S.D.N.Y. June 23, 2009) *aff'd* 402 Fed. Appx. 623 (2d Cir. 2010) the district court found defendant Private Label Sourcing, Inc. ("Private Label") liable to plaintiffs for breach of contract, and only *after* this finding did the court conduct an analysis to determine whether defendant Second Skin, LLC was the alter ego of Private Label and therefore jointly liable to plaintiffs. Similarly, in *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc., et al.*, 945 F. Supp. 603, 609 (S.D.N.Y. 1996) the district court concluded that "[u]nder California law, *a judgment obtained against a corporation and its alter ego* is enforceable against both separately and leads to joint and several liability" (emphasis added). Since this case was decided under California law, it is not binding on this Court. The district court, however, expressly contemplated the corporation's involvement. In *Levesque v. Kelly Commc'ns., Inc.*, No. 91 CIV. 7045, 1997 WL 284984, at *1 (S.D.N.Y. May 29, 1997) the plaintiff commenced an action against her former employer, its subsidiary and the principal of both corporations alleging violations of specific employment statutes. Nonetheless, plaintiff *already* obtained a judgment against the corporations before she attempted to pierce the veil to hold the principal of the corporations personally liable. *Id.*

prosecution of any alter ego and veil-piercing claims in the Second Complaint because such claims are subject to the automatic stay under 11 U.S.C. § 362(a).[5]

**C. Plaintiffs Cannot Maintain Direct Claims Against Mr. Aris and Themis.**

In the Opposition, Plaintiffs rely almost solely on the argument that, since this Court did not dismiss the six causes of action *against KFI* in the KFI Action, it cannot dismiss the six causes of action *against the Defendants* in the instant action. For example, in response to Defendants' arguments that the negligent misrepresentation and fraud claims are devoid of any allegation of scienter or fraudulent intent as against Mr. Aris or Themis, Plaintiffs point to the Court's prior order in the KFI Action, wherein the Court found that the complaint adequately pled scienter against KFI. *See* Opposition at 13. Sufficiently pleading scienter against KFI plays no part in determining whether Plaintiffs adequately pled scienter with respect to the "direct" claims against Mr. Aris and Themis. Plaintiffs are attempting to meld the KFI Action and the instant action together, while ignoring the obvious differences between the two cases.

Nonetheless, the Second Complaint fails to allege facts detailing supposed misconduct by Mr. Aris or Themis to support a finding of individual liability against either individual. In the Opposition, Plaintiffs argue that the tortious conduct of Mr. Aris and Themis is "described in six pages of detailed factual allegations." Opposition at 2. Again, content, not volume is important, and the Second Complaint lacks any content to meet the pleading requirements for these claims.

Plaintiffs allege that [redacted]

[5] In a footnote, Plaintiffs state that the Defendants' "brief makes no substantive argument concerning the sufficiency of the facts pleaded to support the veil-piercing/alter-ego theories of liability." Opposition at 6, fn. 2. The Bankruptcy Court's decision was quite clear that such claims were stayed. Further, this Court has already held on two occasions that these claims are derivative of claims against KFI. Nonetheless, Defendants' Memorandum of Law cites the relevant New York law regarding piercing the veil. *See* Memorandum of Law at 10. Further, although Plaintiffs state that KFI was a "sham", there are no plausible facts even asserted on this point as Capatriti was only one of many products admittedly sold by KFI. *See* Second Complaint, ¶ 11.

[redacted]

Similarly, Plaintiffs allege [redacted] None of these

purported facts asserted in the Second Complaint against Mr. Aris or Themis even go to the alleged wrong doing, and provide no plausible support of the allegations in the Second Complaint. Despite completion of Plaintiffs' discovery in the KFI Action, Plaintiffs have failed to plead sufficient facts to meet the pleading standards for any such "direct" claims. Plaintiffs allegations are merely "a formulaic recitation of the elements of" the particular cause of action and therefore do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1995, 167 L. Ed. 2d 929 (2007).[6]

Plaintiffs cannot maintain direct liability actions against Themis and Mr. Aris where they did not personally participate in the alleged wrongful act. As such, all of the cases cited by Plaintiffs in the Opposition for the proposition that a plaintiff can bring claims against both a corporation and its employee in its individual capacity, where the complaint alleges that the employee personally engaged in the wrongful conduct, are readily distinguishable. *See* Opposition at 8, 10, 11, and 13 (discussing breach of warranty[7], violation of NY GBL § 349[8],

---

[6] In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) the Supreme Court set forth a two-pronged approach for courts deciding a motion to dismiss. First, courts are to "identify [] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Here, the Second Complaint is not entitled to the assumption of truth because it contains no more than bare conclusions. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The Supreme Court defined plausibility as follows: "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but *it asks for more than a sheer possibility that a defendant has acted unlawfully.*" *Id.* at 678 (emphasis added) (quoting and citing *Twombly*, 550 U.S. at 556–57). The plausibility standard asks for factual allegations, and none exists here.

[7] In *FlagHouse, Inc. v. ProSource Dev., Inc.*, 528 Fed. Appx. 186, 188–89 (3d Cir. 2013) the Third Circuit held that the district court had personal jurisdiction over a corporation's CEO where the complaint alleged that the CEO intentionally misrepresented the corporation's experience, expertise, and ability to complete the project in a timely manner in a sales-pitch. Here, Plaintiffs have failed to allege and cannot truthfully allege that Mr. Aris or Themis made any misrepresentation or omission regarding Capatriti "100% Pure Olive Oil."

[8] In *Bd. of Managers of Marke Gardens Condo. v. 240/242 Franklin Ave. LLC*, No. 19155/2007, 2008 WL 4058677, at *1 (N.Y. Sup. Ct. Aug. 26, 2008) plaintiff brought an action to recover damages for defects and omissions in the construction and conversion of two buildings against the sponsor of the project, the sole member of the sponsor, the general contractor and architect. In denying the sole member's motion to dismiss the complaint, the court found that an affirmation to the effect that the sole member "never executed any document other than as a member of the LLC and never intended to bind himself individually, cannot constitute the basis for granting his motion since defendant

violation of NJ CFA[9], negligent misrepresentation and fraud[10] cases brought against an employee). A common element of all of the cases though is that both the corporation and alleged individual tortfeasor are necessary parties.

Specifically, with respect to the breach of warranty claims, Plaintiffs cannot, as a matter of law, state a plausible claim for relief against Mr. Aris and Themis solely on the basis of the following conclusory statements:

- [redacted]
- [redacted]

Simply because Plaintiffs' allege that [redacted] does not make it so. "Courts need not accept as true pleadings expressing legal conclusions, speculation and unsubstantiated allegations so broad and conclusory as to be meaningless." *See Deronette v. City of New York*, 05 CV 5275, 2007 WL 951925, at *2 (E.D.N.Y. Mar. 27, 2007) (citations omitted). Plaintiffs are required to plead

. . . *individually*, co-signed the sponsor certification." *Id.* at *6 (emphasis added). Here, there are no facts alleged that Mr. Aris or Themis intended to bind themselves personally. In *People by Abrams v. 21st Century Leisure Spa Int'l Ltd., et al.*, 153 Misc. 2d 938, 944 (Sup. Ct. 1991) the president of a health club was found individually liable for fraudulent and illegal conduct under Executive Law § 63(12) where it was found, among other things, that he had actual knowledge of the club's fraudulent activities, unstable financial condition, and imminent closing when he authorized new and extended memberships. While the state claimed a violation of NY GBL § 349, the court only discussed the president's individual liability under Executive Law § 63(12).

[9] In *Allen v. V & A Bros, Inc.*, homeowners brought an action against a contractor and its principals and employees, alleging, among other things, violation of the NJ CFA, wherein there were specific statutory and regulatory provisions, the "Home Improvement Practices", which the individual defendants allegedly violated. 208 N.J. 114, 117, 128–30 (2011). Here, there is no specific New Jersey regulation Mr. Aris or Themis allegedly violated.

[10] In *Marine Midland Band, N.A. v. Miller*, 664 F.2d 899, 902–04 (2d Cir. 1981) the Second Circuit held that in deciding the limited question of whether it had jurisdiction, the court should have looked to the question of whether the company was a shell for the individual. "At issue in this case is not whether such a person may be liable, but rather whether and when a person acting in New York in his capacity as a corporate employee may be subject to jurisdiction as an individual under the relevant provisions of the New York long-arm statute." *Id.* at 902. The instant case concerns liability, not jurisdiction. In *Pludeman v. N. Leasing Sys., Inc.*, 10 N.Y.3d 486, 493 (2008) the N.Y. Court of Appeals cautioned against dismissing a fraud claim at the pleading stage if facts are "unavailable prior to discovery." Plaintiffs have had a full opportunity to obtain discovery prior to the Motion to Dismiss being filed, yet they cannot provide any factual detail sufficient to plead any of the "direct" claims. Legal conclusions are not allegations entitled to any presumption of truth, but they are all that the Plaintiffs ultimately have and rely upon.

sufficient facts to state a cause of action for breach of express warranty or breach of implied warranty of merchantability, yet have failed to do so in the Second Complaint despite completion of discovery.

With respect to the violation of NY GBL § 349 and the NJ CFA, Plaintiffs have failed to provide any evidence of any "affirmative misrepresentation" or "knowing omission" made by Mr. Aris or Themis individually. Further to this point, the Second Complaint fails to even plead any actual violation under applicable New Jersey law or regulation. Liability can only be determined by identifying the particular acts the individual has undertaken, and the Second Complaint is devoid of any such facts.

With respect to the negligent misrepresentation and fraud claims, the Second Complaint (i) fails to allege a "special relationship" as required under New York, (ii) fails to allege that Mr. Aris or Themis owed Plaintiffs an independent duty to disclose information required under New Jersey law; and (iii) fails to plead the claims with particularity as required under Rule 9(b).

In a further attempt to support these deficient claims, the Opposition alleges that this Court certified a nationwide class for negligent misrepresentation and fraud under New York law in the KFI Action. *See* Opposition at 12, fn. 4. The instant case, however, has not been certified and new discovery obtained *after* certification of the class in the KFI Action has revealed that, *inter alia*, (i) Plaintiffs cannot meet the ascertainability requirements for certifying the class[11], and (ii) that proposed class members are from all fifty states and Puerto Rico, rather than the five states originally set forth in the KFI Action, thus failing to meet the commonality requirements for class certification. *See* Defendants' Memorandum of Law in Support of Objection to

[11] Since filing Defendants' Objection to Class Certification (defined herein), new appellate authority continues to confirm that classes, such as the one alleged here, cannot be certified where only a small percentage of its members' identities has been determined. Recently, the Fourth Circuit, joining the Third Circuit, has so held. *See EQT Production Co. v. Adair*, No. 13-414 (4th Cir. Aug. 19, 2014), Docket Entry 63 (opinion vacating and remanding the District Court for the Western District of Virginia's certification of five classes).

Plaintiffs' Motion for Class Certification, Appointment of Class Representative and Appointment of Class Counsel ("Defendants' Objection to Class Certification") [DE 29].

Plaintiffs' cannot counter the unavoidable truth recognized by the *Lewis* court that:

> The common law of fraud is materially different in the fifty states. The elements of fraud vary greatly from state to state, with respect to elements including mitigation, causation, damages, reliance, and the duty to disclose. This variation and lack of uniformity indicate a uniform substantive law of fraud cannot be applied to the claims of this purported nationwide class.

*Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002) (citing *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002)).[12]

**D. The Class Claim is Relevant to This Action.**

The Plaintiffs filing of the Class Claim in the Bankruptcy Court is relevant because while the Class Claim is asserted against KFI, it is directly related to the alter ego and veil-piercing claims. A determination of KFI's liability is absolutely necessary before the alter ego and veil-piercing claims can proceed. Although the Plaintiffs allege that the Bankruptcy Court may never decide the Class Claim, relying upon non-evidentiary colloquy in the Bankruptcy Court, the Class Claim will be adjudicated and liquidated in the Bankruptcy Court and, if allowed, paid pursuant to the terms of a plan of reorganization as may be approved by the Bankruptcy Court. To assert otherwise has no basis in fact or law.

## CONCLUSION

For all the foregoing reasons, the Defendants respectfully request that this Court grant their motion and dismiss the Second Complaint in its entirety, with prejudice, together with such other and further relief as this Court may deem just and proper.

[12] As this Court recognized, "the Southern District has found . . . that 'a nationwide class action in which plaintiffs raise claims of fraud would require application of the law of at least fifty jurisdictions and would make class action inappropriate.'" *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561, 569–70 (S.D.N.Y. 2014), reconsideration denied, 13-cv-2311 (JSR), 2014 WL 1301857 (S.D.N.Y. Mar. 19, 2014).

Dated: New York, New York
September 3, 2014

**KLESTADT & WINTERS, LLP**

By: *John E. Jureller, Jr.*

Tracy L. Klestadt
John E. Jureller, Jr.
Lauren C. Kiss
570 Seventh Ave., 17th Floor
New York, New York 10018
Tel: (212) 972-3000

*Attorneys for Defendants*